IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIO RUIZ, | : | CIVIL ACTION NO. **1:CV-12-1809** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| FRANK STRATA, Warden, | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On September 10, 2012, Petitioner Mario Ruiz, an inmate at the Federal Correctional Institution at Allenwood ("FCI-Allenwood"), in White Deer, Pennsylvania, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner named as Respondent Frank Strata, Warden ("Respondent").[1] Petitioner paid the filing fee. (*Id.*).

On September 14, 2012, we issued a Show Cause Order directing the Clerk of Court to serve the habeas petition on Respondent and directing Respondent to respond to it. (Doc. 3). After an extension of time, on October 18, 2012, Respondent filed his Response to the Habeas Petition with exhibits. (Doc. 8). Petitioner did not file Traverse. Thus, Petitioner's habeas petition is ripe for disposition.

**II. Petitioner's Habeas Claims.**

Petitioner claims that the U.S. Marshal's failed to credit him with "all jail time between 05-10-05 thru 01-22-10. (Doc. 1, p. 6). Petitioner further states that the Bureau of

---

[1]Since Petitioner's action is a § 2241 Habeas Petition, Frank Strata, Warden, FCI-Allenwood is the only applicable Respondent. *See* 28 U.S.C. § 2242 and § 2243.

Prisons ("BOP") failed to give him credit for all of his time served. (*Id*.).

Respondent argues that the habeas petition should be dismissed for Petitioner's failure to exhaust his administrative remedies. (Doc. 8, pp. 5-6). Respondent further argues that the court should dismiss the petition because Petitioner's federal sentence was computed properly. (*Id.,*pp. 6-8*)*.

**III. Discussion.**

*1. Exhaustion of Administrative remedies*

As a preliminary matter, we agree with Petitioner that his action is a challenge to the execution of his sentences and, as such it is a petition for habeas corpus, pursuant to 28 U.S.C. § 2241. *See Woodall v. Federal Bureau of Prisons,* 432 F.3d 235, 241 (3d Cir. 2005).

We also agree with Respondent that Petitioner is required to exhaust his BOP administrative remedies through the prison grievance process before he can raise his instant claims in this §2241 habeas petition. *See* 28 C.F.R. § 542.10-.23. Petitioner does not address his failure to exhaust administrative remedies in his petition. (Doc. 1).

We agree with Respondent and find that exhaustion of his BOP administrative remedies with respect to his above detailed claims challenging the BOP's computation of Petitioner's credit for time served is required. *See Moscato v. Federal Bureau of Prisons,* 98 F.3d 757, 761 (3d Cir. 1996). (Petitioner was required to exhaust because it allows the appropriate agency to develop a factual record and apply its expertise facilitating judicial review). If a prisoner does not exhaust available remedies, the petition should be dismissed. *Arias v. United*

*States Parole Commission*, 648 F.2d 196, 199 (3d Cir. 1981); *Mayberry v. Pettiford*, 2003 WL 21635306 (5th Cir.); *Lindsay v. Williamson*, Civil No. 07-808, M.D. Pa., (7-26-07 Memo, J. Caldwell), slip op. p. 4; *Sherman v. Lindsay*, 2007 WL 3119380 (M.D. Pa.); *Hawk v. Sherman*, 2008 WL 360897, *6 (W.D. Pa.); *Harris v. BOP*, 787 F.Supp.2d 350, 360 (W.D. Pa. 2011).

Thus, we concur with Respondent that Petitioner was required to exhaust his BOP administrative remedies before he filed his habeas petition and he has not completed the exhaustion requirements. *See Arias v. United States Parole Comm'n*, 648 F.2d 196, 199 (3d Cir. 1981). Because we construe Petitioner's instant claims as challenging the BOP 's computation of his prior time served toward his sentence, we find that Petitioner is required to exhaust his administrative remedies before filing his writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) (*per curiam*). Here, Petitioner does not dispute the Respondent's argument that he has not exhausted his administrative remedies. (Doc. 1). In fact, Petitioner does not offer any explanation as to why he failed to exhaust his administrative remedies. (*Id.*).

Section 2241 does not contain a statutory exhaustion requirement, however, the United States Court of Appeals for the Third Circuit has required inmates to exhaust their administrative remedies prior to petitioning for a writ of habeas corpus. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). The Court requires exhaustion for the following reasons: "(1) allowing appropriate agency to develop a factual record and apply its expertise

facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (3d Cir. 1996) (citations omitted).

The BOP set forth the procedures used by federal inmates to exhaust their administrative remedies in 28 C.F.R. §§ 542.10-542.19. An inmate first must present his complaint to staff, and staff must attempt to resolve informally any issue before an inmate files a request for administrative relief. *See* § 542.13(a). If informal resolution is unsuccessful, the inmate may raise the complaint with the warden of the institution where he or she is confined. *Id*. An inmate has twenty calendar days from the date of the alleged injury to complete this informal resolution process, he or she may then appeal the decision to the Regional Office and the General Counsel of the BOP. *See* § 542.14(a). If an inmate is dissatisfied with the response received during the informal resolution process, he or she may appeal the decision to the Regional Office and General Counsel of the BOP. *See* §542.15. The appeal to the BOP General Counsel is the final administrative appeal. *Id.*

Respondent has submitted evidence to show that Petitioner has failed to exhaust his administrative remedies with the BOP. (Doc. 8, Ex. 1, ¶ 4). Accordingly, we will recommend that Petitioner's habeas petition be dismissed without prejudice for failure to exhaust his administrative remedies.

*2. Merits of Habeas Petition*[2]

Petitioner is serving a two hundred sixty-two month federal sentence for conspiracy to distribute cocaine. (Doc. 8-1, p. 7). Petitioner's projected release date is January 23, 2029. (*Id.*). From May 10, 2005 through January 22, 2010, Petitioner was on bond in the primary custody of the state of New York. Also, during this period of time, Petitioner was in the custody of the USMS for periods of time pursuant to federal writs of habeas corpus *ad prosequendum* for hearings related to his federal sentence. (*Id.*, Ex. 1, Att. 6). On January 22, 2010, Petitioner was in the custody of the BOP after his parole from his state sentence. (*Id.*, Att. 6, 8, 13). Petitioner's federal sentence commenced on January 22, 2010 when he was received in federal custody. (*Id.*, Att. 6, 10). The BOP computed Petitioner's sentence as two sentence of two hundred sixty-two (262) months. (*Id.*, Att. 10).

Moreover, when Petitioner was serving his New York State sentence, he was temporarily taken into federal custody for hearings related to his federal sentence. Petitioner was released by New York to the custody of the USMS pursuant to a federal writs of habeas corpus *ad prosequendum*. Then, on January 22, 2010, after completion of his state sentence, Petitioner was released to federal officials. We agree with Respondent that New York retained primary jurisdiction over Petitioner during the time period of May 10, 2005 through January

---

[2]Even though we find Petitioner's habeas claims are not exhausted, we find no merit to Petitioner's claims. *See* 28 U.S.C. §2254(b)(2)("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure to the applicant to exhaust the remedies available in the courts of the State.").

22, 2010 and, that New York State credited Petitioner for that time period toward his state sentence. During this time period, New York retained primary custody over Petitioner, and the federal government did not have primary jurisdiction over him. *See Chambers v. Holland,* 920 F. Supp. 618, 622 (M.D. Pa. 1996).[3] Thus, Petitioner cannot receive double credit towards

---

[3]This Court in *Chambers* stated as follows:

> The sovereign which first arrests a defendant has primary jurisdiction over him. *Shumate v. United States*, 893 F.Supp. 137 (N.D.N.Y. 1995), citing *Ponzi v. Fessenden*, 258 U.S. 254, 260-61, 42 S.Ct. 309, 310-311, 66 L.Ed. 607 (1922) and *In re Liperatore,* 574 F.2d 78 (2d Cir. 1978). See also: *Thomas v. Brewer*, 923 F.2d 1361, 1365-67 (9th Cir. 1991).
>
> . . . . .
>
> Primary jurisdiction remains vested in the state which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of the sentence. *United States v. Warren,* 610 F.2d 680, 684-85 (9th Cir. 1980). See also: *Roche v. Sizer*, 675 F.2d 507, 510 (2d Cir. 1982) (holding that federal court relinquished jurisdiction by releasing prisoner on bail). Primary jurisdiction over a state prisoner ends and federal custody over him commences only when the state authorities relinquish him on satisfaction or extinguishment of the state obligation. *Smith,* 812 F.Supp. at 370, citing *Thomas v. Whalen*, 962 F.2d 358, 361 n. 3 (4th Cir. 1992).
>
> Producing a state prisoner under writ of habeas corpus ad prosequendum to answer federal charges does not relinquish state custody. *Thomas v. Brewer*, 923 F.2d at 1366-67. See also: *Salley v. United States*, 786 F.2d 546, 547-48 (2d Cir. 1986) (defendant produced and sentenced in federal court via writ of habeas corpus ad prosequendum did not begin to serve consecutive federal sentence until delivered into federal custody).

this time which he already received credit towards his New York State sentence. As the Court in *Hawk*, 2008 WL 360897, *3, stated:

> Primary custody remains vested in the sovereign that first arrests the individual until it relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of the sentence.' *Chambers,* 920 F.Supp. at 622 (citations omitted). The determination of priority of custody between a state and the federal government is to be resolved by the executive branches of the two sovereigns. *United States v. Warren,* 610 F.2d 680, 684-85 (9th Cir.1980) (citing *Ponzi,* 258 U.S. at 261-62)."

In our case, the BOP did not give Petitioner prior custody credit under 18 U.S.C. § 3585(b), which is within the BOP's exclusive authority, toward his federal sentence for the period of time Petitioner was in the custody of the USMS pursuant to the federal writs of habeas corpus *ad prosequendum* because Petitioner received credit toward his New York State sentence for those time periods. Thus, as Respondent correctly states, since Petitioner received credit toward his New York State sentence for the stated time periods, he cannot be given credit toward his federal sentence for any of this time period. *See Hawk v. Sherman*, 2008 WL 360897, * 4 -*5 (W.D. Pa.).

As discussed, Petitioner received credit toward his New York State sentence for the periods he was in the custody of the USMS pursuant to the federal writs of habeas corpus *ad prosequendum*. As the *Hawk* Court stated, "[u]nder the express terms of 18 U.S.C. §

---

920 F. Supp. at 622.

3585(b), the BOP may not grant prior custody credit for time served in official sentence. *See also Vega v. United States,* 493 F.3d 310, 314 (3d Cir.2007) (the BOP did not err when it disallowed prior custody credit under 18 U.S.C. § 3585(b) because the time at issue had been credited against the petitioner's state parole violation); *Rios v. Wiley,* 201F.3d 257, 272 (3d Cir.2001)." *Hawk v. Sherman*, 2008 WL 360897, * 7; *Brown v. Sniezek*, Civil No. 07-2267, M.D. Pa. Petitioner is not entitled to double sentencing credit which is prohibited by §3585(b). *See Harris v. BOP*, 787 F.Supp.2d 350, 359-360 (W.D. Pa. 2011).

We find that the prior custody credit which Petitioner seeks in this case is within the BOP's authority pursuant to § 3585(b),[4] and that Petitioner already received credit for the stated time periods toward his New York State sentence. Furthermore, Petitioner has requested

---

[4]18 U.S.C. § 3585 provides:

> (a) Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

a retroactive designation from the BOP. (Doc. 8-1, Ex. 1, Att. 13). Respondent provided a letter reflecting that the sentencing court was briefed on the request by the BOP on October 10, 2012. (*Id.*). (Doc. 8-1, Ex. 1, Att. 13). The sentencing court has sixty (60) days to respond if the court has a position on Petitioner's request for retroactive designation. (*Id.*). If a response is not received from the sentencing court, the BOP will complete its review and decide under 18 U.S.C. § 3621(b) whether to designate the state institution for service of his federal sentence. (*Id.*). If the BOP denies Petitioner's request, his projected release date will remain January 23, 2029. (*Id.*). If the state institution is designated, the Petitioner's projected date of release will be March 25, 2025. (*Id.*). The record is void of any further information about the status of Petitioner's request. Thus, we find that the BOP has correctly calculated Petitioner's federal sentences to be two hundred sixty-two (262) months, and we shall recommend that his habeas petition (Doc. 1) be denied.

**IV. Recommendation.**

Based on the foregoing, we respectfully recommend that Petitioner's Habeas Petition **(Doc. 1)** be dismissed without prejudice since Petitioner has failed to exhaust his available BOP remedies. Alternatively, we recommend that Petitioner's habeas petition be denied on its merits.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: January 3, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIO RUIZ, | : | CIVIL ACTION NO. **1:CV-12-1809** |
| | : | |
| Petitioner | : | (Judge Caldwell) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| FRANK STRATA, Warden, | : | |
| | : | |
| Respondent | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 3, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: January 3, 2013**